UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAVIE, | ) | 5:04CV2004 |
| | ) | |
| Petitioner | ) | JUDGE JOHN R. ADAMS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| JULIUS WILSON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Michael Davie ("Davie") has filed a petition pro se for a writ of

habeas corpus regarding his 1993 convictions for attempted murder, felonious

assault, burglary, robbery and a firearm specification in the Summit County, Ohio,

Court of Common Pleas.  The named respondent is Julius Wilson ("Wilson"),

Warden of Richland Correctional Institution.  The petition is based on eleven

grounds, specifically:

> 1.  Petitioner was denied the right to a full and fair hearing and
> effective assistance of counsel on his motion to suppress statements in
> violation of the Miranda requirement.
>
> 2.  Petitioner was denied the right to a full and fair hearing and
> effective assistance of counsel on his motion to suppress evidence as a
> result of a warrant less investigatory stop.
>
> 3.  Petitioner was denied due process, where the state courts lack a
> rational mechanism for remedying errors.
>
> 4.  Petitioner was denied the statutory right to a speedy trial pursuant
> to R.C. 2945.71 - R.C. 2945.73, and the trial court's failure to issue

findings of fact as to its arbitrary denial and appellate counsel's deficiency in transmitting the record on appeal and the lack of having an appellate counsel to raise appellate counsel's deficiency under App.R. 26(B) resulted in a denial of due process of law.

5. Criminal Rule 32.1, the state mechanism for withdrawal of guilty pleas is inadequate as a whole for remedying errors where the trial court and appellate court re-characterizes motions filed under the rule as petitions for post conviction relief. Consequently, petitioner was denied a full and fair hearing on his claim of conflict with counsel, which lead [*sic*] to a plea induced by fear, coercion and fraudulent misrepresentation.

6. Where the petitioner was initially arrested and charged for an offense in Cuyahoga County, a relinquishment of jurisdiction in personam to Summit County prior to the prosecution and adjudication of the initial offense denied petitioner due process of law.

7. On direct appeal, petitioner was denied the right to effective assistance of appellate counsel where counsel failed to raise an obvious meritorious claim.

8. On motion for reopening App. R. 26(B), petitioner was denied the effective assistance of appellate counsel.

9. Trial counsel stated a fact that he knew or should have known to be contrary to statutory law, and when entering a no-contest plea petitioner relied on counsel's statement in understanding the possible maximum penalty involved in relation to a multiple count indictment.

10. Where prosecutor Michael Maric represented Judge Callahan in civil action in mandamus filed by petitioner and simultaneously represented the state in a post conviction proceeding while Judge Callahan presided, petitioner was denied a full, fair, impartial and meaningful review of his petition for post conviction relief.

11. Where indigent petitioner was ordered to pay filing fees for two civil actions in mandamus to compel the trial judge to adhere to statutory mandate in relation to state post conviction proceeding the petitioner was denied due process of law and meaningful access to the courts.

(Doc. 1, §§ 9.A.-9.I.)

Respondent argues that the petition is time-barred.  (Doc. 15, at 2.)


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

Davie was indicted in a joint indictment with co-defendants Anthony
Watts and James Brown for numerous offenses resulting from
robberies at an apartment building in Akron.   Originally, Davie pled
not guilty and filed, among other motions, a motion to suppress and a
motion to dismiss.   In his motion to dismiss, Davie asserted that he
was denied a speedy trial.   The trial court denied both of these
motions.   Davie then pled no contest and the trial court found him
guilty.

(Doc. 15, RX 14, at 2; <u>State v. Davie</u>, No. 16252, 1994 WL 64607, at *1 (Ohio Ct.

App. Feb. 23, 1994)).

The procedural background is rather more involved.


## A.  Direct appeal

Davie, through his appellate counsel, raised two assignments of error on his

direct appeal:

1.  The trial court erred when it denied appellant's motions to suppress
evidence and statements which were obtained as a result of an
improper investigative stop.

2.  The trial court erred by overruling appellant's motion to dismiss
based upon violations of the Speedy Trial Act.

(Doc. 15, RX 11.)  On Jan. 13, 2003, the Ohio Court of Appeals affirmed Davie's

convictions.  (Doc. 15, RX 14; <u>State v. Davie</u>, No. 16252, 1994 WL 64607 (Ohio Ct.

App. Feb. 23, 1994)).

Davie filed an appeal with the Ohio Supreme Court on April 19, 1994,

asserting two propositions of law:

> 1.  The trial court erred when it denied appellant's motions to suppress evidence and statements which were obtained as a result of an improper vehicle stop and the Ninth Appellate Court erred by failing to uphold the appellant's [rights ?] guaranteed [by the ?] Fourth and Fourteenth Amendments, U.S. Constitution.
>
> 2.  The trial court erred by overruling appellant's motion to dismiss based upon violation's of the Speedy Trial Act and the Ninth Appellate Court erred by failing to [re]cognize the appellant's guaranteed Six[th] Amendment right to a speedy trial and dismiss and discharge the appellant pursuant [to] the Fourteenth Amendment U.S. Constitution incumbent on the several states.

(Doc. 15, RX 17.)  On July 13, 1994, the Ohio Supreme Court denied Davie leave to

appeal and dismissed the appeal as not involving any substantial constitutional

question.  (Doc. 15, RX 19; State v. Davie, 69 Ohio St.3d 1488, 635 N.E.2d 43

(1994)).


### B.  Rule 26(B) motion to re-open appeal

On March 2, 1995, Davie moved, under Ohio App.R. 26(B), to re-open his

original appeal on the grounds that appellate counsel was ineffective.  Davie

presented the following assignments of error:

> 1.  Failing to ensure the complete trial record was filed.
>
> 2.  Failing to present speedy trial argument effectively.
>
> 3.  Failing to assert claims as federal questions.
>
> 4.  Failing to assert the suppression of statements and evidence as separate assignments of error.

(Doc. 15, RX 20.)

The court of appeals denied his application for re-opening on March 20, 1995, because Davie had not complied with Ohio App.R. 26(B)(2)(d), which requires "a sworn statement of the basis of the claim that appellant counsel's representation was deficient."  (Doc. 15, RX 22.)  On April 3, 1995, Davie filed a motion for reconsideration, which was denied as untimely.  (Doc. 15, RX 24, 26.)

On June 16, 1995, Davie appealed that decision to the Ohio Supreme Court, raising the following four propositions of law:

> 1.  A defendant- appellant is denied his United States and Ohio Constitutional rights to effective assistance of counsel where appellate counsel failed to insure that all recorded proceedings in the lower court be made a part of the appellate court record.
>
> 2.  A defendant- appellant is denied his United States and Ohio Constitutional rights to effective assistance of counsel where appellate brief waives potentially meritorious argument.
>
> 3.  A defendant- appellant is denied his United States and Ohio Constitutional rights to effective assistance of counsel where appellate counsel raised errors solely as violations of state laws.
>
> 4.  A defendant- appellant is denied his United States and Ohio Constitutional rights to effective assistance of counsel [where appellate counsel] failed to separate [*sic*] assignment of errors.

(Doc. 15, RX 30.)  On Jan. 10, 1996, the Ohio Supreme Court dismissed the appeal as untimely.  (Doc. 15, RX 33; State v. Davie, 74 Ohio St.3d 232, 658 N.E.2d 271 (1996) (per curiam).)  On Jan. 18, 1996, Davie filed a motion for reconsideration, which was denied.  (Doc. 15, RX 35-36; State v. Davie, 74 Ohio St.3d 1526, 660 N.E.2d 745 (1996).)

## C.  Motions for post-conviction relief

Davie subsequently filed a petition for post-conviction relief in the trial court, pursuant to Ohio Rev. Code § 2953.21, on Apr. 4, 1996.  (Doc. 15, RX 37.)  Davie amended the petition to include a third claim[1].  (Doc. 15, RX 38.)  The trial court denied the petition on Apr. 17, 1998. (Doc. 15, RX 40.)

Davie appealed that decision, raising the following six assignments of error:

1.  Where a claim demonstrates a no contest plea was induced by the prosecutor's concealment, and counsel's off the record advice an evidentiary hearing is warranted, and it is a trial court error to find the claim barred res-judicata.

2.  Where appellant asserts a claim of ineffective assistance of counsel for a failure to adequately prepare for suppression hearing the trial court errs by refusing to grant an evidentiary hearing and finding claim barred on the grounds of res-judicata.

3.  The trial court erred when it failed to issue findings of fact and conclusions of law as to the award or denial, on appellant's claim of deprivation of the right to a fair hearing due to the irregularity of the proceeding.

4.  Where appellant requests leave of court to amend his petition to raise a claim for relief based on newly discovered evidence, the trial court errs when it converts a request for leave into a successive petition, contrary to R.C. 2953.21(F).

5.  Where appellant brought three civil actions against trial judge, and prosecutor was counsel of record for judge, and yet he was

---

[1]The third claim reads:  "The delayed and erroneous entering of a nolle prosequi in Cuyahoga County Court of Common Pleas prevented the petitioner from receiving a fair hearing on the motion to suppress held in Summit County Court of Common Pleas.  As a result, the Summit County Court of Common Pleas did not have competent jurisdiction to make a determination on the traffic stop, search and seizure that occurred in Cuyahoga County.  A violation of the XIV Amend. US Const."  (Doc. 15, RX 38, at 1.)

simultaneously counsel of record for the state in a matter before judge-client appellant was denied a meaningful review on post conviction.

6.  Where the prosecutor fails to file a motion in opposition to appellant's motion for summary judgment, the trial court abused its discretion by finding the basis of its dismissal of appellant's motion on the prosecutor's initial responsive pleadings.

(Doc. 15, RX 43.)

The court of appeals remanded on the third assignment of error, directing the trial court to "prepare adequate findings of fact and conclusions of law" regarding the third claim, but overruled the other assignments of error.  (Doc. 15, RX 47; State v. Davie, No. 19088, 1999 WL 157412 (Ohio Ct. App. Mar. 10, 1999)).  On Mar. 22, 1999, Davie filed an application for reconsideration of the first and second claims, which was denied.  (Doc. 15, RX 48-49.)

On April 21, 1999, Davie again appealed to the Ohio Supreme Court, raising the following five propositions of law:

1.  Where a claim demonstrates a no contest plea was induced by the prosecutor's concealment and counsel's off the record [advice] an evidentiary hearing is warranted, and it is a violation of the defendant's fifth, sixth, and fourteenth amendment rights guaranteed under the U.S. and Ohio Constitutions where the trial and appellate courts finds the claim barred res judicata.

2.  Where the defendant asserts a claim of ineffective assistance of counsel for a failure to adequately prepare for a suppression hearing it is a violation of the defendant's fourth, sixth, and fourte[e]nth amendment rights guaranteed under the U.S. and Ohio Constitutions where the trial and appellate courts refused to grant an evidentiary hearing, and finds the claim barred res judicata.

3.  Where the defendant request for  leave of court to amend his petition is denied by the trial court and the appellate court affirms the decision below it is a violation of the defendant's right to be heard protected under the fourteenth amendment of  the U.S. and Ohio Constitutions.

> 4.  Where the defendant brought three civil actions against trial Judge, and the prosecutor was counsel of record for the Judge, and he was counsel of record for the state in a matter before the Judge the defendant was denied the right to have a meaningful review on post conviction and appeal in violation of due process of law protected under the fourteenth amendment of  the U.S. and Ohio Constitutions.
>
> 5.  Where the prosecutor fails to respond to the defendant's motion for summary judgment the trial court abused its discretion when its dismissal did not comply with Civ.R. 56, and where the appellate court affirms the decision below it is a violation of the defendant's right to be heard protected under the fourteenth amendment of  the U.S. and Ohio Constitutions.

(Doc. 15, RX 52.)  On June 30, 1999, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. 15, RX 54; State v. Davie, 86 Ohio St.3d 1415, 711 N.E.2d 1010 (1999)).

On June 7, 1999, Davie filed a motion captioned "Post-Sentence Motion to Withdraw No-Contest Plea Pursuant to Crim. R. 32.1."  (Doc. 15, RX 55.)  The Court of Common Pleas treated this as a motion for post-conviction relief under Ohio Rev. Code § 2953.21(A), and denied the motion.  (Doc. 15, RX 56.)

Davie appealed this denial, arguing the following three assignments of error:

> 1.  The trial court abused its discretion by applying an incorrect standard for determining whether the defendant's assertions required an evidentiary hearing.
>
> 2.  The trial court abused its discretion in not allowing the defendant to withdraw his plea of no-contest after sentencing where the facts presented to the trial court showed that the prosecutor's recital of the plea agreement negated an essential element of the offense charged in the indictment.
>
> 3.  The trial court abused its discretion and erred in not allowing the defendant to withdraw his plea after sentencing where he demonstrated the existence of a manifest injustice.

(Doc. 15, RX 59.)  The court of appeals did not address these assignments of error, but affirmed the denial on the basis that the trial court was precluded from even hearing the second motion for post-conviction relief.  (Doc. 15, RX 61; <u>State v. Davie</u>, No. 19934, 2000 WL 1587008 (Ohio Ct. App. Oct. 25,  2000) (per curiam).)

Almost three years passed before Davie once again filed a "Motion to Withdraw Guilty (No-Contest) Plea Pursuant to Crim. R. 32.1," on June 6, 2003. (Doc. 15, RX 62.)  The trial court denied the motion on July 28, 2003.  (Doc. 15, RX 64.)  Davie filed one more appeal, with the sole assignment of error being:

> 1.  The trial court abused its discretion by refusing to grant an evidentiary hearing where defendant demonstrates the existence of a manifest injustice when he entered a "no contest" plea as a result of unfulfillable promises, threats, deception, coercion, and counsel's failure to provide effective assistance in violation of the VI and XIV Amend. to the United States Constitution.

(Doc. 15, RX 67.)

The court of appeals affirmed the lower court's ruling on the basis of res judicata.  (Doc. 15, RX 69; <u>State v. Davie</u>, No. 21708, 2004 WL 432318 (Ohio Ct. App. Mar. 10,  2004).)  An appeal to the Ohio Supreme Court followed, in which Davie asserted:

> The Court of Appeals erred in refusing to adjudicate appellant's sole assignment of error that the trial court abused its discretion by refusing to grant an evidentiary hearing where defendant demonstrates the existence of a manifest injustice when he entered a no contest plea as a result of unfulfillable promises, threats, deception, coercion, and counsel's failure to provide effective assistance in violation of the sixth and fourteenth amendments guaranteed under the United States Constitution and the Ohio Constitution.

(Doc. 15, RX 72.)  On June 23, 2004, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. 15, RX 74; <u>State v. Davie</u>, 102 Ohio St.3d 1486, 810 N.E.2d 968 (2004).)

### D.  Petition for writ of habeas corpus in state court

Davie filed a petition for a writ of habeas corpus in the state court system on April 16, 1996, pursuant to Ohio Rev. Code § 2725.04, raising four grounds for relief:

1. Unlawful arrest.

2. Improper seizure of property.

3. Summit County lacked jurisdiction.

4. Judgment in excess of jurisdiction.

(Doc. 15, RX 76.)  The court of appeals dismissed the petition, as amended, on Feb. 19, 1997.  (Doc. 15, RX 80.)

On April 3, 1997, Davie appealed that decision to the Ohio Supreme Court.  (Doc. 15, RX 82.)  The judgment of the lower court was affirmed.  (Doc. 15, RX 83-85; <u>State v. Davie</u>, 80 Ohio St.3d 170, 685 N.E.2d 228 (1997) (per curiam).)

### E.  Petition for writ of habeas corpus in federal district court

Davie filed this federal petition for a writ of habeas corpus pro se on Oct. 4, 2004.  (Doc. 1.)  The respondent filed an answer and return of writ on Apr. 21, 2005.  (Doc. 15.)  The petitioner has filed a traverse.  (Doc. 16.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable application of federal law.  <u>Williams</u>, 529 U.S. at 410-12; <u>Lorraine</u>, 291 F.3d at 422.

Davie has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  <u>Urbina v. Thoms</u>, 270 F.3d 292, 295 (6th Cir. 2001) (citing <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); <u>Jourdan v. Jabe</u>, 951 F.2d 108 (6th Cir. 1991); <u>Brock v. Hendershott</u>, 840 F.2d 339, 343 (6th Cir. 1988).


## III.  STATUTE OF LIMITATIONS

Respondent asserts that the petition should be dismissed as time-barred. (Doc. 15, at 2.)   Respondent contends that Davie filed this habeas petition "long after the one-year period of limitation for filing a petition under 28 U.S.C. 2244(d), and long past the expiration of the habeas one-year 'grace period,'" thus the petition should be dismissed with prejudice.  <u>Id.</u> at 15.

The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." <u>Carey v. Saffold</u>, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

The Ohio Supreme Court denied Davie leave to appeal and dismissed his appeal on July 13, 1994.  (Doc. 15, RX 19; State v. Davie, 69 Ohio St.3d 1488, 635 N.E.2d 43 (1994)).  Davie did not file for certiorari before the United States Supreme Court.  Thus, Davie's conviction became final on Oct. 12, 1994.

For a petitioner whose state court convictions became final prior to the April 24, 1996, effective date of the AEDPA,  courts have applied a one-year grace period, and hold that the statute of limitations expires one year from the effective date of the AEDPA, that is, on April 24, 1997.  Allen v. Yukins, 366 F.3d 396, 400 (6th Cir.), cert. denied, 125 S.Ct. 200 (2004); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001), cert. denied, 535 U.S. 1088 (2002).  Davie's conviction became final in 1994, thus, ordinarily he would have had until April 24, 1997, to file his petition for federal habeas corpus.


A.  First Petition for Post-conviction Relief

However, the one-year limitations period is tolled for the time during which an application for state post-conviction or other collateral review is "pending" in the

state courts.  Carey, 536 U.S. at 216-217 (citing 28 U.S.C. § 2244(d)(2)).  Under

Section 2244(d)(2), "the statute of limitations is tolled from the filing of an

application for state post-conviction or other collateral relief until the conclusion of

the time for seeking Supreme Court review of the state's final judgment on that

application independent of whether the petitioner actually petitions the Supreme

Court to review the case."  Abela v. Martin, 348 F.3d 164, 172-173 (6th Cir. 2003) (en

banc), cert. denied, 541 U.S. 1070 (2004).  See also Israfil, 276 F.3d at 771 (grace

period also tolled during time "properly filed state post-conviction or other collateral

review proceedings" pending).

Davie's original petition for post-conviction relief, pursuant to Ohio Rev. Code

§ 2953.21, was filed on Apr. 4, 1996.  (Doc. 15, RX 37.)  Thus, the beginning of the

"grace period" was tolled until ninety days[2] after the state's final ruling on that

petition, which occurred on June 30, 1999, when the Ohio Supreme Court dismissed

his appeal.  (Doc. 15, RX 54; State v. Davie, 86 Ohio St.3d 1415, 711 N.E.2d 1010

(1999)).  Accordingly, at that point, the statute of limitations would have begun to

run on Sept. 29, 1999.


B.  Second Petition for Post-conviction Relief

Meanwhile, Davie had filed a motion captioned "Post-Sentence Motion to

Withdraw No-Contest Plea Pursuant to Crim. R. 32.1," on June 7, 1999, which the

trial court treated as a second motion for post-conviction relief.  (Doc. 15, RX 55-56.)

---

[2]Again, Davie did not file for certiorari before the U.S. Supreme Court.

The Ohio Court of Appeals subsequently ruled that Davie had not demonstrated that he met any of the criteria required by Ohio Rev. Code § 2953.23(A), which allows for second or successive petitions for post-conviction relief, under certain conditions.  (Doc. 15, RX 61; <u>Davie</u>, 2000 WL 1587008, at *2.)

Respondent argues that this second petition was not properly filed, and cannot toll the running of the one-year grace period.  (Doc. 15, at 17-18.)

In order to toll the one-year period, there must be "a properly filed application for State post-conviction or other collateral review" which is pending in the state courts.  28 U.S.C. § 2244(d)(2).  The United States Supreme Court has addressed this issue:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.  And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (emphasis in original) (internal citations omitted).  <u>See, e.g.</u>, <u>Vroman v. Brigano</u>, 346 F.3d 598, 603 (6th Cir. 2003); <u>Palmer v. Carlton</u>, 276 F.3d 777, 779 (6th Cir. 2002).  The question of whether a petition has been "properly filed" in a procedural sense is separate from the question of "whether the claims contained in the application are meritorious and free of procedural bar." <u>Artuz</u>, 531 U.S. at 9.

In <u>Artuz v. Bennett</u>, the Supreme Court considered the question of "whether an application for state postconviction relief containing claims that are procedurally

barred is 'properly filed' within the meaning of [28 U.S.C. § 2244(d)(2)]."  <u>Artuz</u>, 531

U.S. at 5.  The Court rejected the state's argument that "an application for state

postconviction or other collateral review is not 'properly filed' for purposes of §

2244(d)(2) unless it complies with all mandatory state-law procedural requirements

that would bar review of the merits of the application."  <u>Id.</u> at 8.  The Court noted

that neither of the statutory provisions at issue "purports to set forth a condition to

filing, as opposed to a condition to obtaining relief."  <u>Id.</u> at 11.

Under Ohio Rev. Code § 2953.23(A), the trial court may only consider a

second or successive petition for post-conviction relief if it meets certain conditions:

> (1) the petitioner must show either that he was unavoidably prevented
> from discovering the facts upon which he relies in the petition, or that
> the United States Supreme Court has, since his last petition,
> recognized a new federal or state right that applies retroactively to the
> petitioner; and (2) the petitioner must show by clear and convincing
> evidence that a reasonable factfinder would not have found him guilty
> * * * but for constitutional error at trial.

(Doc. 15, RX 61; <u>Davie</u>, 2000 WL 1587008, at *1.)  <u>See, e.g.</u>, <u>Baston v. Bagley</u>, 282

F.Supp.2d 655, 661 (N.D. Ohio 2003), <u>aff'd</u>, 420 F.3d 632 (6th Cir. 2005); <u>State v.</u>

<u>Johnson</u>, 144 Ohio App.3d 222, 226, 759 N.E.2d 889, 892 (Ohio Ct. App. 2001).  The

state court of appeals affirmed the denial of Davie's second petition on the basis of

the failure to meet statutory preconditions for relief, not on the basis of an improper

filing.

Therefore, although the claims within his petition were found to be barred

under the Ohio statute, Davie's second petition was "properly filed," and serves to

toll the commencement of the limitations period.

The motion was filed on June 7, 1999, and the court of appeals affirmed the trial court's ruling on Oct. 25, 2000. (Doc. 15, RX 55, 61.) Davie did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio S.Ct. Prac. R. II, § 2(A)(1). Thus, the limitations period began to run on Dec. 10, 2000, and Davie had until Dec. 10, 2001 to file his petition for habeas corpus in this court.

Davie next filed a "Motion to Withdraw Guilty (No-Contest) Plea Pursuant to Crim. R. 32.1," in state court on June 6, 2003. At that point, the limitation period for filing his federal habeas period had already expired eighteen months earlier. Although such a post-conviction motion would toll the statute of limitations had it been "pending" during the limitations period, an untimely motion does not restart the beginning of the period. See, e.g., DiCenzi v. Rose, 419 F.3d 493, 496-497 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Davie did not file this federal petition for a writ of habeas corpus until more than another year had passed, on Oct. 4, 2004. (Doc. 15, RX 62.) Davie's petition was not timely filed, and should be dismissed.

## C. Petitioner's Traverse

In his traverse, Davie argues that the statute of limitations should be tolled to permit consideration of his habeas petition because of delays attributable to the state. (Doc. 16, at 4-7.)

As outlined above, on the appeal of Davie's first petition for post-conviction relief, the appellate court remanded on the third assignment of error, directing the trial court to "prepare adequate findings of fact and conclusions of law," regarding

that claim, while overruling his other assignments of error.  (Doc. 15, RX 47; <u>Davie</u>, 1999 WL 157412, at *3.)  The court of appeals so ruled on March 10, 1999.

On Aug. 2, 1999, Davie filed a "Motion to Proceed to Judgment" in the trial court, requesting that the trial court comply with the direction of the court of appeals.  Davie pointed out that he was awaiting the court's ruling before he could proceed with federal habeas review, and stated that "his time for filing a writ is running out."  (Doc. 16, PX 4.)

On July 20, 2000, Davie filed a "Motion for Relief after Judgment Civ.R. 60(B)," with the state court of appeals.  Davie asserted that he had not yet received a hearing, or findings of fact and conclusions of law.  He stated that there had been "a failure to comply with the dictates of App.R. 27, or the trial court has made a mistake interpreting this court's order."  He asked the appellate court to "follow up" on its remand ruling.  (Doc. 16, PX 5.)

Davie contends that the remanded part of his petition for post-conviction relief is still pending, and has been pending for about nine years.  (Doc. 16, at 5.) Davie argues that "his third claim raised in his state petition for post-conviction relief should be decided on the merits . . . because the state court has ignored Davie's numerous demands for finality."  <u>Id.</u> at 6.  His traverse continues:

> Davie has raised a violation of due process of law as it relates to the state issue under ground eleven in his habeas complaint.  . . . Davie's due process claim under ground eleven [of this habeas petition] is a continuation of his effort to get relief from the third claim he properly raised . . . in his state petition for postconviction relief.

<u>Id.</u>  The eleventh ground of the petition reads:

> Where indigent petitioner was ordered to pay filing fees for two civil
> actions in mandamus to compel the trial judge to adhere to statutory
> mandate in relation to state post conviction proceeding the petitioner
> was denied due process of law and meaningful access to the courts.

(Doc. 1, § 9.I.)  It appears that the eleventh ground is asserting a due process claim

that is based on delays in the trial court's ruling on the remand of his first petition

for post-conviction relief.

Davie cites Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir. 1992), a pre-

AEDPA case, in which the Sixth Circuit ruled that "inordinate delay in adjudicating

state court claims," especially when the state is clearly responsible for the delay,

would excuse the petitioner's failure to exhaust his state remedies.  (Doc. 16, at 5-6.)

In Workman, the petitioner attempted to raise an ineffective assistance of

counsel claim in a petition for post-conviction relief.  The trial court dismissed the

petition in a one-sentence order, without making findings of fact or conclusions of

law.  The court of appeals remanded, directing the lower court to make findings of

fact and conclusions of law.  Workman, 957 F.2d at 1342.  The Sixth Circuit pointed

out that the "petition for post-conviction relief has languished in the state courts for

more than three years without the Court of Common Pleas making the required

findings of fact and conclusions of law."  Id. at 1344.  Moreover, the court pointed

out that the state failed to properly raise the exhaustion issue as a defense[3].  Id.

The court noted that habeas relief is generally not granted unless the

prisoner has exhausted his state remedies, but an exception exists for

---

[3]Under the AEDPA, in contrast, the state may rely on exhaustion unless the
state expressly waives the issue.  28 U.S.C. § 2254(b)(3).

"circumstances rendering such processes ineffective to protect the rights of the prisoner." <u>Workman</u>, 957 F.2d at 1344 (quoting previous version of 28 U.S.C. § 2254(b)). The court found that "inordinate delay in adjudicating state court claims," where the state is responsible for the delay, was such a circumstance. <u>Id.</u>

Although the AEDPA has changed the statute, such an exception[4] to exhaustion remains. <u>See</u> <u>Turner v. Bagley</u>, 401 F.3d 718, 724 (6th Cir. 2005). Although <u>Turner</u> can be distinguished, because it involved a direct appeal (and ineffective assistance of appellate counsel), rather than a petition for post-conviction relief, the court reiterated that the exhaustion requirement "is based on the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights." <u>Turner</u>, 401 F.3d at 724 (citing <u>Workman</u>, 957 F.2d at 1344). In <u>Turner</u>, the appellant's "claim of appeal in the Ohio state court system languished for [nearly eleven] years without adjudication." <u>Id.</u> at 725. Where the record indicated that the Ohio state courts did not give "prompt consideration" to Turner's claims, "the presumption of adequate and effective remedies at the state level" was defeated. <u>Id.</u> at 724. The Sixth Circuit found that, under those circumstances, the district court should have excused the exhaustion requirement and considered the habeas petition on the merits. <u>Id.</u> at 727.

It must be recalled, however, that the issue under discussion here is whether Davie's petition should be dismissed as time-barred, not whether it is barred by

---

[4]The AEDPA contains an exception to exhaustion where "circumstances exist that render such [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii).

failure to exhaust state remedies.  (Doc. 15, at 2.)   Respondent argues that Davie filed his petition "long after the one-year period of limitation for filing a petition under 28 U.S.C. 2244(d), and long past the expiration of the habeas one-year 'grace period.'"  Id. at 15.

In this context, neither Workman nor Turner provide assistance to Davie.  In Workman, the state appellate court rendered its final decision in April 1988, and Workman filed his habeas petition on Aug. 19, 1988.  Thus, the petition was timely filed, and the court did not have occasion to address untimeliness.  Workman, 957 F.2d at 1342.

In Turner, the state appellate court rendered its decision dismissing the appeal for want of prosecution on Feb. 20, 2001.  Turner, 401 F.3d at  721.  Turner filed his habeas petition on March 19, 2001.  Again, the petition was timely filed, and an untimely filing was not at issue.  In each case, despite any delay attributed to the state or appointed counsel, the petitioner was diligent in pursuing habeas relief through a timely filing of a petition for a writ of habeas corpus.

In contrast, Davie allowed almost three years[5] to pass, *after* the one-year grace period had expired, to file his petition for a writ of habeas corpus.  Davie's petition should be dismissed as a result of its untimely filing.

---

[5]From Dec. 10, 2001 until Oct. 4, 2004.

### D.  Equitable Tolling

Davie also argues that "the state trial court's failure to adhere to the state appellate court's instructions upon reverse and remand was a circumstance beyond Davie's control," thus the doctrine of equitable tolling would allow the court to overlook the failure to comply with the statute of limitations.  (Doc. 16, at 5.)

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc. 209 F.3d 552, 560 -561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)).  The circumstances which will lead to equitable tolling are rare.  King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. ), cert. denied, 534 U.S. 1057 (2001)); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

The following factors are generally considered when the issue of equitable tolling arises:

> (1) lack of actual knowledge of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

King, 378 F.3d at 553 (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). When the petitioner does not claim ignorance of the filing requirement, the court

examines his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay.  Id.  See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll).

Davie does not claim a lack of actual or constructive knowledge of the limitations requirement.  See generally doc. 16, at 4-7.  Indeed, in August 1999, he displayed awareness of the effect of any delay, writing that "his time for filing a federal writ is running out" under the AEDPA.  See doc. 16, PX 4, at 2.

The facts show that Davie failed to act with that reasonable diligence which would support a claim for equitable tolling.  Davie's conviction became final in 1994, and he benefitted from the AEDPA's one-year grace period, which allowed him until April 24, 1997, to file his petition for federal habeas corpus.  Davie gained further time through tolling permitted by his petitions for post-conviction relief.  Finally, the one-year grace period expired on Dec. 10, 2001.  Davie allowed almost three years to pass after that one-year period had expired, before he filed his petition for a writ of habeas corpus.

The court considers "absence of prejudice" as a factor only if other factors in the test are met.  Griffin v. Rogers, 399 F.3d 626, 637-638 (6th Cir. 2005) (citing Vroman, 346 F.3d at 605; Dunlap, 250 F.3d at 1009).  Davie has not established any of the other factors, thus prejudice to the state will not be considered.

Davie failed to act with reasonable diligence which would support a claim for equitable tolling.  Nonetheless, the court will consider whether there are any extraordinary circumstances which would support equitable tolling.

The petitioner does not cite any federal case law in which a court has considered whether delay in receiving a ruling on a state collateral appeal might be an extraordinary circumstance warranting equitable tolling.

Even if that claim had been filed timely, the petitioner would not succeed on the merits.  For example, the Seventh Circuit has pointed out that "delay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief."  Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996) (per curiam), cert. denied, 519 U.S. 907 (1996).  No constitutional provision or federal law entitles Davie to any state collateral review, let alone prompt collateral review.  Id. (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)).  See also Murray v. Giarratano, 492 U.S. 1, 7-8 (1989) (states have no obligation to provide postconviction relief); Stojetz v. Ishee, 389 F.Supp.2d 858, 889 (S.D. Ohio 2005) (same).  Further, "[d]ue process does not include prompt resolution of collateral appeals."  Montgomery, 90 F.3d at 1206.  The Montgomery court concluded that: "Delay in processing that collateral claim does not make the continued imprisonment of the defendant unlawful, and hence, does not warrant federal habeas corpus relief."  Id.  See also Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986) (no habeas relief for claimed errors in state post-conviction proceedings) (citing cases); Dickerson v. Mitchell, 336 F.Supp.2d 770, 820 (N.D. Ohio 2004) (citing Kirby).

## IV.  SUMMARY

Davie's conviction became final on Oct. 12, 1994, the expiration of his time for seeking certiorari.  28 U.S.C. § 2244(d)(1)(A).  Because his state appeals concluded prior to the 1996 passage of the AEDPA, Davie had a one-year grace period to file his petition.  Thus, Davie had until April 24, 1997, to file his petition for federal habeas corpus.  His motions for post-conviction relief tolled the grace period, which eventually expired on Dec. 10, 2001.  Because Davie did not file his petition for a writ of habeas corpus until Oct. 4, 2004, his petition was untimely.

In summary, Davie did not file his federal petition within the applicable one year limitation period, thus the petition should be dismissed.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:   Dec. 20, 2005          /s/ Kenneth S. McHargh
                                Kenneth S. McHargh
                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).