UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAVIE, ) | CASE NO.: 5:04CV2004 |
| ) | |
| Petitioner, ) | JUDGE JOHN ADAMS |
| ) | |
| v. ) | |
| ) | |
| JULIUS WILSON, Warden, ) | **ORDER AND DECISION** |
| ) | |
| Respondent. ) | |
| ) | |

     This matter is before the Court on Petitioner Michael Davie's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  Respondent Julius Wilson, Warden has filed an answer and return of writ, and Magistrate Judge Kenneth S. McHargh has issued his Report and Recommendation ("Report").  In his Report, the Magistrate Judge recommended that the petition be time-barred.  Petitioner timely filed objections to the Report.  This Court, having reviewed the Report and Petitioner's objections thereto, hereby DECLINES TO ADOPT the Magistrate Judge's Report for reasons stated herein.  However, having reviewed Petitioner's claims, the Court DENIES his petition for a writ of habeas corpus.

**I. Facts & Procedure**

A. <u>Petitioner's direct appeal & motion to re-open the appeal</u>

     Following his 1993 convictions, Petitioner unsuccessfully appealed to the Ohio Court of Appeals, Ninth Judicial District, raising two assignments of error:

> **Assignment of Error I:** The trial court erred when it denied appellant's motions to suppress evidence and statements which were obtained as a result of an improper investigative stop.

> **Assignment of Error II:** The trial court erred by overruling appellant's motion to dismiss based upon violations of the speedy trial act.

The Ohio Supreme Court subsequently denied Petitioner leave to appeal. *State v. Davie*, 69 Ohio St.3d 1488 (1994). Petitioner timely filed a motion to re-open his direct appeal, raising four assignments of error -- alleging appellate counsel rendered ineffective assistance for failing to: (1) ensure that a complete trial record was filed; (2) effectively present the speedy-trial argument; (3) assert federal claims; and (4) assert the suppression of statements and evidence claims as separate assignments of error. The Ninth District Court of Appeals denied Petitioner's motion to re-open on procedural grounds. Petitioner then appealed the denial of his motion to re-open to the Ohio Supreme Court, which the court dismissed as untimely.

B. Petitioner's first petition for post-conviction relief

On April 4, 1996, Petitioner filed a petition for post-conviction relief in the trial court, pursuant to Ohio Rev. Code § 2953.21. Petitioner asserted three claims in his petition for post-conviction relief:

> **Claim I:** Where Petitioner's change of plea to no-contest was induced by a collaboration of the state prosecutor's deceptive offer and trial counsel's misinformed promise that a plea bargain would considerably reduce his prison time by fifteen (15) to thirty-six (36) years counsel's performance rises to the level of ineffective of [*sic*] assistance of counsel, a violation of the petitioner's rights protected by the Sixth and Fourteenth Amend. guaranted [*sic*] under the United States Constitution.
>
> **Claim II:** Trial counsel rendered ineffective assistance of counsel at the motion to suppress hearing where trial counsel refused to summon Petitioner's hearing for lack of probable cause on a prior but similar stop, failed to summon possible witnesses, and failed to investigate the disposition of a pending C.C.W. charge before filing a motion to suppress violated the Petitioner's rights protected by the Fourth, Sixth and Fourteenth Amendments guaranteed by the United States Constitution.
>
> **Claim III:** The delayed and erroneous entering of a *nolle prosequi* in Cuyahoga

>County Court of Common Pleas prevented the Petitioner from receiving a fair hearing on the motion to suppress held in Summit County Court of Common Pleas, as a result, the Summit County Court of Common Pleas did not have competent jurisdiction to make a determination on the traffic stop, search and seizure that occurred in Cuyahoga County, a vioaltion of the XIV Amend. U.S. Const.

The trial court denied Petitioner's petition. Petitioner subsequently appealed the trial court's denial, raising six assignments of error. The state court of appeals affirmed the trial court's decision, but sustained and remanded the third assignment of error, which mirrored Claim III of his petition for post-conviction relief ("Claim III"). The court of appeals specifically instructed the trial court that, on remand, it was to "prepare adequate findings of fact and conclusions of law . . or, if the petition warrants it, hold a hearing on that claim." *State v. Davie,* No. 19088, 1999 Ohio App. LEXIS 954, *9-10 (9th App. Dist. March 10, 1999). Petitioner again appealed to the Ohio Supreme Court, raising the remaining assignments of error overruled by the court of appeals. The Ohio Supreme Court subsequently dismissed the appeal. To date, the trial court has not addressed Claim III as instructed by the state appellate court.

C. <u>Petitioner's successive petitions for post-conviction relief</u>

On June 7, 1999, Petitioner filed a motion to withdraw his no-contest plea. The trial court determined that the motion was a second petition for post-conviction relief and, as such, denied the motion as duplicative under state law. The court of appeals affirmed the trial court's denial. On June 6, 2003, Petitioner again filed a motion to withdraw his plea. The trial court determined that the motion was a third petition for post-conviction relief and, as a result, denied the motion. The Court of appeals affirmed the lower court's ruling on the basis of *res judicata*. Petitioner appealed to the Ohio Supreme Court, which declined leave to appeal.

D. <u>Petitioner's federal petition for a writ of habeas corpus</u>

Petitioner filed his pro se petition with this Court on October 4, 2004. In his petition, Petitioner raises eleven grounds -- one of which directly relates to Claim III discussed above.[1] The Warden filed a return of writ, arguing that the petition should be dismissed because Petitioner filed it after the one-year statute of limitations for the statute and the habeas one-year 'grace period.'

The Magistrate Judge recommended that this Court dismiss the petition with prejudice. The Magistrate Judge found that Petitioner failed to comply with the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, and the doctrine of equitable tolling did not apply.

## II. Law & Analysis

A. Application of § 2254's one-year statute of limitations

Under Federal Rule 72(b) and 28 U.S.C. § 636, this Court must review *de novo* the portion of the Magistrate Judge's Report to which a specific objection was made. Here, Petitioner specifically objected to the finding that (1) he did not timely file his petition for writ of habeas corpus, and (2) that the doctrine of equitable tolling did not apply.

Petitioner contends that this Court cannot dismiss his petition as time-barred because Claim III of his properly filed petition for post-conviction relief remains pending in the state trial court and thus, the one-year statute of limitations imposed by the AEDPA is tolled. Under the AEDPA, a state inmate must file his petition for a writ of habeas corpus within one year of, *inter alia*, "the date on which the judgement became final by the conclusion of direct review or the

---

[1] Ground SIX of the petition alleges that the state denied him due process when the county where he was initially arrested improperly relinquished jurisdiction to Summit County -- an allegation that mirrors Petitioner's Third PCR Claim.

4

expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1). This one-year period of limitations is tolled, however, while "a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). In addition, a petitioner whose state convictions became final before the AEDPA went into effect on April 24, 1996, is given a one-year grace period during which he may file his petition.

Petitioner's state convictions became final on October 12, 1994.[2] Thus, assuming Petitioner did not "properly file [an] application for state post-conviction relief or other collateral relief, he had until April 24, 1997 to file his petition in this Court." As correctly noted by the Magistrate Judge, however, Petitioner properly filed two petitions for post-conviction relief -- thereby tolling the AEDPA's period of limitation while those petitions remained pending. The Magistrate Judge determined that, while Petitioner's remanded Claim III still has not yet been finally decided, the one-year period of limtations began to run again on December 10, 2000.[3] Thus, at issue is whether Petitioner's Claim III is still "pending" in the state courts. If so, the one-year period of limitations did not begin to run again on December 10, 2000 -- and remains tolled until the state courts finally decide the claim.

As noted by the Supreme Court, "[t]he dictionary defines 'pending' . . . as 'in continuance' or 'not yet decided.'" *Carey v. Safford,* 536 U.S. 214, 219 (2002) (citing Webster's

---

[2]*See Clay v. U.S.,* 537 U.S. 522, 528 n.3 (2003) (a conviction is final after the state's highest appellate court disposes of the case and the 90-day period for filing for a writ of certiorari to the U.S. Supreme Court expires).

[3]The Magistrate Judge arrived at the December 10, 2000 date by noting that the state appellate court affirmed the trial court's denial of Petitioner's second petition for post-conviction relief on October 25, 2000 and that Petitioner did not seek review by the Ohio Supreme Court within the 45-day period mandated by Ohio St. Ct. Prac. R. 11 § 2(A)(1).

Third New International Dictionary 1669 (1993)). Thus, "until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Safford,* 536 U.S. at 220. The Sixth Circuit has explained further that "a petitioner's claim is 'pending' for the entire term of state collateral review[.]" *Fuller v. Thomas,* 110 Fed.Appx. 496, 498 (6th Cir. 2004)(citing *Safford,* 536 U.S. at 219-221).

By definition, Petitioner's petition for post-conviction relief is still "pending." Despite the state appellate court's instructions, the trial court has yet "to prepare adequate findings of fact and conclusions of law" as to Claim III. Because a portion of Petitioners properly filed petition for post-conviction relief remains before the state trial court, his application has not achieved final resolution through Ohio's post-conviction procedures. As a result, the AEDPA's one-year time period remains tolled and this Court cannot dismiss Petitioner's petition as time-barred. *Safford*, 536 U.S. at 220. It is for this reason that the Court declines to adopt the Report.

B. The merits of the petition

Having determined that the petition cannot be dismissed as time-barred, the Court now must determine how Petitioner is to proceed.[4] Petitioner asks this Court to determine the merits of his petition or, in the alternative, to stay his petition until the state courts finally decide Claim III. The Court finds that, although Petitioner's Claim III has not been exhausted, staying his petition would be futile. *See Turner v. Bagley,* 401 F.3d 718, 726 (6th Cir. 2005) (habeas petitioners stymied by delays in the state courts are not required to take "futile steps" in the state courts to have their claims heard in federal court). The state courts have had seven years to review Petitioner's Claim III and have failed to act. Thus, rather than staying the petition, the

---

[4]Because this Court finds that the petition is not time-barred, it declines to consider whether the doctrine of equitable tolling applies to his case.

Court finds it appropriate to consider the merits of his allegations.

In his petition, Petitioner alleged the following:

**Ground One**: Petitioner was denied the right to a full and fair hearing and effective assistance of counsel on his motion to suppress statements in violation of Miranda requirement [*sic*].

**Ground Two**: Petitioner was denied the right to a full and fair hearing and effective assistance of counsel on his motion to suppress evidence as a result of a warrant less [*sic*] investigatory stop.

**Ground Three**: Petitioner was denied due process, where the state courts lack a rational mechanism for remedying errors.

**Ground Four**: Petitioner was denied the statutory right to a speedy trial pursuant to R.C. § 2945.71 - R.C. 2945.73, and the trial court's failure to issue findings of fact as to its arbitrary denial and appellate counsel's deficiency in transmitting the record on appeal and the lack of having an appellate counsel to raise appellate counsel's deficiency under App. R. 26(B) resulted in a denial of due process of law.

**Ground Five**: Criminal Rule 32.1, the state mechanism for withdrawal of guilty pleas is inadequate as a whole for remedying errors where the trial court and appellate court re-characterizes motions filed under the rule as petitions for post conviction relief. Consequently, Petitioner was denied a full and fair hearing on his claim of conflict with counsel, which lead [sic] to a plea induced by fear, coercion and fraudulent representations.

**Ground Six**: Where Petitioner was initially arrested and charged for an offense in Cuyahoga County, a relinquishment of jurisdiction in personam to Summit County prior to the prosecution and adjudication of the initial offense denied Petitioner due process of law.

**Ground Seven**: On direct appeal, Petitioner was denied the right to effective assistance of appellate counsel where counsel failed to raise an obvious meritorious claim.

**Ground Eight**: On Motion for Reopening App. R. 26(B), Petitioner was denied the effective assistance of appellate counsel.

**Ground Nine**: Trial counsel stated a fact that he knew or should have known to be contrary to statutory law, and when entering a no-contest plea Petitioner relied on counsel's statement in understanding the possible maximum penalty involved in relation to a multiple count indictment.

>**Ground Ten:** Where prosecutor Michael Maric represented Judge Callahan in civil action in mandamus filed by Petitioner and simultaneously represented the state in a post conviction proceeding while Judge Callahan presided, Petitioner was denied a full, fair, impartial and meaningful review of his petition for post conviction relief.
>
>**Ground Eleven**: Where indigent Petitioner was ordered to pay filing fees for two civil actions in mandamus to compel the trial judge to adhere to statutory mandate in relation to state post conviction proceeding Petitioner was denied due process of law and meaningful access to the courts.

For the reasons that follow, the Court finds that Petitioner cannot succeed on any of the above grounds for relief and hereby dismisses his petition for a writ of habeas corpus.

1.  *Procedural default -- Grounds One, Two, Four, Seven and Nine*

It is well-settled law that, before this Court may grant a petition for a writ of habeas corpus, the petitioner must have exhausted his remedies by fairly presenting his constitutional claims to the state courts.  28 U.S.C. § 2254(b) and (c).  If the petitioner fails to present his claims first to the state courts, he waives his ability to raise the claims here -- unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977).

In conjunction with the cause-and-prejudice standard, a habeas petitioner cannot raise claims that he procedurally defaulted on in the state courts.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  To determine whether a petitioner is procedurally barred from raising his claims in a habeas corpus petition, this Court employs the four-part test set out in *Maupin*.  *Id* at 138.  First, the Court determines whether a state procedural rule applies to the petitioner's claim and whether the petitioner failed to comply with the rule.  *Id*. (citations omitted).  Second, the Court decides "whether the state courts actually enforced the state procedural sanction."  *Id.* (citations omitted).

Third, the Court "must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Id.* (citations omitted). Finally, if the Court finds that the petitioner did not comply with the applicable adequate and independent state procedural rule, the petitioner must demonstrate "that there was 'cause' for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Id.* (citations omitted). Applying the four-part *Maupin* test to the petition, the Court finds that Petitioner is procedurally barred from now raising Grounds One, Two, Four, Seven and Nine.

In his first and second grounds for relief, Petitioner argues that he was denied ineffective assistance of counsel at his suppression hearing. While Petitioner did raise these claims in his first petition for post-conviction relief, he did not raise them in his direct appeal.[5] As the state appellate court explained in rejecting Petitioner's claim that he received ineffective assistance at his suppression hearing, Petitioner was represented on direct appeal by different counsel and thus:

> could have and should have argued this claim at that time.  He [is], therefore, barred from raising that claim in his petition for post-conviction relief.  The trial court's determination that *res judicata* applied in this case was not incorrect.

*State v. Davie*, C.A. No. 19088, 1999 Ohio App. LEXIS 954, *7 (Summit Cty., 1999). It is clear, therefore, that, by failing to raise his ineffective assistance claim on direct appeal, Petitioner failed to comply with a state procedural rule. It is also clear that the state courts applied the

---

[5]Petitioner also argued in his Rule 26(B) Motion for Re-Opening that his appellate counsel rendered ineffective assistance by failing to assert the alleged suppression-hearing violations as a separate assignment of error. While seemingly similar to the claims raised in his first petition for post-conviction relief, the Court notes that Petitioner did not argue in his Rule 26(B) motion that his trial counsel had rendered ineffective assistance at the suppression hearing.

9

procedural sanction of dismissal. Thus, the first two steps of the *Maupin* analysis are satisfied as to Petitioner's first and second grounds for relief. The third *Maupin* step is satisfied as well, as a petitioner's failure to raise a constitutional issue on direct review constitutes an "adequate and independent" state ground on which the state may rely to foreclose judicial review. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As a result, Petitioner can succeed on his first and second grounds for relief only upon a showing of cause and prejudice -- a showing Petitioner has failed to make.

Petitioner argues that his procedural default should be excused because his appellate counsel rendered ineffective assistance. However, as the Supreme Court has explained, "[a]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Here, Petitioner did assert a claim of ineffective assistance of appellate counsel in his Rule 26(B) motion, which was dismissed on procedural grounds by the intermediate state court. Petitioner then failed to timely appeal the dismissal to the Ohio Supreme Court. As a result, Petitioner did not fairly present his claim of ineffective assistance of appellate counsel to the state's highest court and, therefore, cannot assert the claim as cause for the procedural default of Grounds One and Two of his petition for a writ of habeas corpus. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (habeas petitioner must give the state's highest court an opportunity to consider the merits of his constitutional claims). Because Petitioner cannot show cause for the procedural default or that the default has created a fundamental miscarriage of justice, the Court must dismiss Grounds One and Two of his habeas petition.

In Ground Four, Petitioner asserts that he was denied his right to a speedy trial under

Ohio law and that his appellate counsel's ineffectiveness in arguing the speedy-trial violation deprived him of due process.  The first time Petitioner raised this claim was in his Rule 26(B) motion to re-open his direct appeal.  As explained above, however, Petitioner did not fairly present the claims asserted in his Rule 26(B) motion to re-open to the Ohio Supreme Court.  As a result, he is procedurally barred from raising his appellate counsel's ineffectiveness as it relates to Ground Four of his petition.  *Picard*, 404 U.S. at 275-76.

Likewise, Petitioner procedurally defaulted on his seventh and ninth grounds for relief.  In Ground Seven, Petitioner argues that his appellate counsel rendered ineffective assistance by failing to raise on direct appeal the trial court's alleged failure to comply with Ohio Crim. R. 11(C)(2)(a).  In Ground Nine, Petitioner argues that his trial counsel failed to properly inform him of the maximum penalty he faced on the underlying crimes.  Petitioner raised both issues in his second and third petitions for post-conviction relief, which the trial court denied on procedural grounds.  Because the state courts never considered the merits of the claims asserted in his seventh and ninth grounds for relief due to Petitioner's failure to comply with Ohio procedural rules, he is procedurally barred from raising the claims here.  *Picard*, 404 U.S. at 275-76.  Further, as detailed above, Petitioner cannot show cause for the default.  As a result, the Court dismisses Grounds Seven and Nine of Petitioner's petition.

*2. Non-cognizable claims for relief -- Grounds Three, Four, Five, Six, Eight, Ten and Eleven*

As the Government notes, this Court "may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984).  Further, the Court "does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure."  *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).  Applying these fundamental

principles, the Court finds that Petitioner's third, fourth, fifth, sixth, eighth, tenth and eleventh grounds for relief must fail as the claims asserted in these grounds attempt to challenge the state courts' interpretation of Ohio law and procedure.

In Ground Three, Petitioner attempts to challenge the Summit County Court of Common Pleas' practice of allowing parties to make off-the-record oral motions and participate in open-file discovery. Importantly, in Ground Three, Petitioner does not challenge the constitutionality of his underlying conviction -- instead, he attempts to attack the state courts' interpretation of its own law and procedure. As a result, his third ground for relief must fail as it is not cognizable in federal habeas review. *See Pulley*, 465 U.S. at 41.

In Ground Four, Petitioner argues that the state violated his right to be brought to trial within the time required by state law -- a claim the Sixth Circuit has held is rooted in state law and thus not cognizable in a habeas corpus petition. *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984). While a habeas petitioner may argue that he was denied his federal constitutional right to a speedy trial, Petitioner has neither raised the argument nor demonstrated that any delay violated his rights under the U.S. Constitution.

In his fifth ground for relief, Petitioner contends that Ohio's method for withdrawing guilty and no-contest pleas is "inadequate." The Sixth Circuit has explained that "error committed during state post-conviction proceedings can not [sic] provide a basis for federal habeas relief." *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) (citation omitted). As a result, the Court dismisses Petitioner's fifth ground for relief.

The Court likewise dismisses Petitioner's sixth ground for relief, which alleges that Cuyahoga County violated his due process rights when it relinquished its jurisdiction and

12

transferred him to the custody of Summit County officials. In his Supporting Facts, Petitioner notes that he was stopped and arrested in Cuyahoga County for carrying a concealed weapon. The resulting search revealed evidence that tied him to crimes committed in Summit County, prompting Cuyahoga County to transfer him to the Akron Police Department without first trying him on the concealed-weapon charge. Petitioner argues that this transfer violated his due process rights because he was "not afforded a full and fair hearing on motion to suppress in Summit County" and "that had he been afforded the process due . . . the outcome of the proceedings in Summit County Court of Common Pleas would have been different." Petitioner's claim fails, however, as he was given a full and fair suppression hearing in the Summit County Court of Common Pleas. Further, at the core of his sixth ground for relief is Petitioner's assertion that Cuyahoga County violated the state jurisdictional-priority rule. In rejecting Petitioner's jurisdictional-priority argument, the Ohio Supreme Court explained that the rule operates only when the "claims or causes of action are the same in both cases" -- and that in Petitioner's case, the Cuyahoga County charge differed from the Summit County charges. *Davie v. Edwards*, 180 Ohio St. 3d 170, 171 (1997) (citation omitted). Because this Court cannot set aside a state court's interpretation of state law, Petitioner's sixth ground for relief fails. *Hutchinson*, 744 F.2d at 46

In Ground Eight, Petitioner argues that he was denied the effective assistance of appellate counsel in preparing his motion for re-opening pursuant to Ohio App. R. 26(B). Specifically, he contends that, had the state appointed him an attorney, his motion would not have been dismissed as a result of his failure to include the notarized statement required by Ohio App. R. 26(B)(2)(d). Again, Petitioner's claim must fail as he does not attack the constitutionality of his

underlying conviction but instead challenges state post-conviction procedures. *Alley*, 307 F.3d at 387 .

The Court also dismisses Ground Ten, in which Petitioner argues that he was denied a full and impartial review of his petition for post-conviction relief because the prosecutor had represented the judge in a civil matter. Even assuming that this alleged conflict resulted in an incomplete and biased review, this Court has already explained that a state prisoner cannot obtain relief in habeas corpus for alleged deficiencies in post-conviction proceedings. *Alley*, 307 F.3d at 387. As a result, the Court must dismiss Petitioner's tenth ground for relief.

In Ground Eleven, Petitioner argues that the state violated his rights by forcing him to pay the filing fees for the two writs of mandamus he filed in an effort to compel the trial court to adjudicate his first petition for post-conviction relief. Petitioner specifically contends that the state denied him access to the courts by forcing him -- an indigent prisoner -- to pay filing fees. His claim fails, however, for two reasons. First, Petitioner has not given the state courts a fair opportunity to address his lack-of-access claim and thus cannot raise it here. *Picard*, 404 U.S. at 275-76 . Second, Petitioner admits in his Traverse that he does not seek release from prison on Ground Eleven and instead challenges Ohio's corrective process -- a challenge that this Court cannot address. *Alley*, 307 F.3d at 387.

III. Conclusion

Because a portion of Petitioner's properly filed petition for post-conviction relief remains "pending" in state court, this Court DECLINES to adopt the Magistrate Judge's recommendation that the petition be dismissed as time-barred. The Court also finds that staying Petitioner's § 2254 petition would be futile given the already inordinate delays in the state courts. However, in

considering the merits of Petitioner's petition, this Court finds that his claims are either procedurally defaulted or not cognizable in federal habeas review. As a result, the Court DISMISSES Petitioner's petition for a writ of habeas corpus. This Court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

So ordered.

*s/ John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE